UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEWAYNE T. CARRINGTON,

                Plaintiff,

v.

MCTS,

                Defendant.

Case No. 21-CV-1351-JPS

**ORDER**

On November 22, 2021, Plaintiff Dewayne T. Carrington ("Plaintiff"), proceeding pro se, filed this action alleging that Defendant Milwaukee County Transit System ("MCTS") violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq.* (Docket #1). Plaintiff also filed a motion for leave to proceed without prepaying the filing fee. (Docket #2). This Order screens Plaintiff's complaint.

1.     **MOTION TO PROCEED IN FORMA PAUPERIS**

On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In his motion, Plaintiff avers that he is unemployed and unmarried. (Docket #2 at 1). He has no source of income, and he is responsible for supporting his son. (*Id.* at 1–2). His monthly expenditures, including a mortgage, alimony and child support, credit cards, and household

expenses, total between $2,800 and $3,000. (*Id.* at 2–3). He owns a $170,000 home, to which he has $10,000 in equity; his cars are valued at a combined $3,000; his savings, most of which is for retirement, is valued at under $10,000. (*Id.* at 3–4). The Court accepts that Plaintiff is indigent. However, the inquiry does not end there; the Court must also screen the action.

## 2.     SCREENING STANDARDS

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the

complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

3. **RELEVANT ALLEGATIONS**

Plaintiff alleges that, in March 2021, his former employer, MCTS, wrongfully terminated him from his position as a bus driver. (Docket #1 at 4). It appears that Plaintiff caused an accident while operating an MCTS bus because he was using his cellphone while driving. Meetings between Plaintiff, MCTS, and the union resulted in Plaintiff's termination. Plaintiff alleges that he held his position with MCTS for approximately 18 years with a clean record. He alleges that he was fired after his first offense, whereas his "Caucasian female coworker" violated MCTS's policy regarding phone usage four times without repercussion. Plaintiff believes that he was terminated based on his race, color, gender/sex, and age.

4. **ANALYSIS**

To begin, Plaintiff alludes to but does not expressly state the basis on which he was discriminated. He checks boxes next to race, color, gender/sex, and age, but he does not state his race, color, gender/sex, or age. The Court can glean that Plaintiff is a non-Caucasian male (based on his comparing himself to a Caucasian, female coworker), but this is a guess. Plaintiff needs to provide more detail.

Second, a plaintiff seeking to proceed under Title VII must file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the day of the alleged discrimination. 42 U.S.C. § 2000e-5; *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). Once the EEOC issues its right-to-sue letter at the end of its

investigation of the charge, the plaintiff must then file their civil lawsuit within 90 days. *Id.*

While "the receipt of a right-to-sue letter is not a jurisdictional prerequisite to bringing a Title VII suit . . . the lack of a right-to-sue letter may constitute a[n] [affirmative] defense to a Title VII claim." *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001). Importantly, "a complaint may be deficient and subject to dismissal if the plaintiff lacks a right-to-sue letter . . . . However, the plaintiff's receipt of a right-to-sue letter before dismissal [may] cure[] any deficiency in the original complaint." *Id.* (citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir.1991)). Thus, because a plaintiff's lack of a right-to-sue letter is not a jurisdiction issue, and because such deficiency may be resolved prior to a defendant raising it as an affirmative defense, a district court may not dismiss a plaintiff's case at screening for failure to obtain a right-to-sue letter. *See Makungu v. Morningside Nursing & Memory Care*, No. 3:16-CV-86-TLS, 2016 WL 2894331, at *2 (N.D. Ind. May 18, 2016) ("Although a district court may not, at the screening phase, dismiss a complaint that alleges a Title VII claim because the plaintiff failed to exhaust administrative remedies . . . a defendant may raise a plaintiff's lack of a right-to-sue letter as an affirmative defense . . . subjecting the plaintiff's Title VII claim to possible dismissal at any time prior to the receipt of such a letter.") (internal citations omitted). Same or similar requirements and rules apply to claims brought under the ADEA.

Here, Plaintiff failed to provide evidence or plead that he received a right-to-sue letter from the appropriate authority. Thus, while the Court will not outright dismiss Plaintiff's case at screening for this deficiency, it will warn Plaintiff that this glaring omission is likely to be raised as an affirmative defense by MCTS.

Given the above, the Court will give Plaintiff two options: (1) amend his complaint to include evidence as to whether he exhausted his administrative remedies and received a right-to-sue letter and to plead the specifics of the bases on which he was discriminated; or (2) voluntarily dismiss his case while he exhausts his administrative remedies and secures a right-to-sue letter. The Court gives Plaintiff until December 15, 2021 to make his decision; failure to do so will result in the Court dismissing this action for failure to diligently pursue it under Civil Local Rule 41. The Court can offer Plaintiff no counsel as to how his selection will affect his rights under the applicable statute of limitations—there is not enough information in the record, and it is simply not in the Court's prerogative to do so.

If Plaintiff elects to amend, he must bear in mind that an amended complaint supersedes all prior complaints and must be complete in itself, without reference to any prior complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). The Seventh Circuit has emphasized that, upon a court receiving an amended complaint, any "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

5. **CONCLUSION**

For the reasons stated herein, Plaintiff must decide which course of action he wishes to pursue before this case may proceed.

Accordingly,

**IT IS ORDERED** that, by December 15, 2021, Plaintiff must inform the Court whether he intends to (1) amend his complaint to include evidence as to whether he exhausted his administrative remedies and received a right-to-sue letter and to plead the specifics of the bases on which he was discriminated; or (2) voluntarily dismiss his case while he exhausts his administrative remedies and secures a right-to-sue letter.

Dated at Milwaukee, Wisconsin, this 24th day of November, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge