# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEWAYNE T. CARRINGTON,<br><br>      Plaintiff,<br><br>v.<br><br>MCTS,<br><br>      Defendant. | Case No. 21-CV-1351-JPS<br><br><br>**ORDER** |

On November 22, 2021, Plaintiff Dewayne T. Carrington ("Plaintiff"), proceeding pro se, filed this action alleging that Defendant Milwaukee County Transit System ("MCTS") illegally discriminated against him. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee. ECF No. 2. The Court screened that complaint, determined that Plaintiff had failed to state a claim and needed to provide evidence or plead that he received a right-to-sue letter from the appropriate authority, and allowed him an opportunity to amend his complaint. ECF No. 4. On December 14, 2021, Plaintiff filed an amended complaint alleging that MCTS discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 *et seq.*; and 42 U.S.C. § 1981. ECF No. 5. This Order screens Plaintiff's amended complaint.

**1. MOTION TO PROCEED IN FORMA PAUPERIS**

On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion,

would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In his motion, Plaintiff avers that he is unemployed and unmarried. ECF No. 2 at 1. He has no source of income, and he is responsible for supporting his son. *Id.* at 1–2. His monthly expenditures, including a mortgage, alimony and child support, credit cards, and household expenses, total between $2,800 and $3,000. *Id.* at 2–3. He owns a $170,000 home, to which he has $10,000 in equity; his cars are valued at a combined $3,000; his savings, most of which is for retirement, is valued at under $10,000. *Id.* at 3–4. The Court accepts that Plaintiff is indigent. However, the inquiry does not end there; the Court must also screen the action.

## 2. SCREENING STANDARDS

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest

that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

3. **RELEVANT ALLEGATIONS**[1]

Plaintiff is a 59-year-old, African-American man. ECF No. 5 at 4. He alleges to suffer from degenerative disc disorder, sleep apnea, peripheral vascular disease, and peripheral neuropathy. *Id.* In spring of 2021, MCTS terminated Plaintiff from his position as a bus driver. *Id.* It appears that Plaintiff caused an accident while operating an MCTS bus because he was using his cellphone while driving. ECF No. 1-1 at 1–3. Meetings between Plaintiff, MCTS, and the union resulted in Plaintiff's termination. *Id.* Plaintiff alleges that he held his position with MCTS for approximately 18 years with an otherwise clean record. ECF No. 5 at 4–5. He alleges that he

---

[1] When Plaintiff submitted his original complaint, the underlying facts were contained largely in an attachment to the complaint. ECF No. 1-1. Specifically, Plaintiff provided copies of the memoranda prepared by MCTS during Plaintiff's termination proceedings, *id.* at 1–3, MCTS's "operators manual," *id.* at 4–6, a record of Plaintiff's disciplinary action, *id.* at 7, special bulletins posted by MCTS, *id.* at 8–13, and Plaintiff's open-records request, *id.* at 14. While the Court instructed Plaintiff that an amended complaint would supersede all prior complaints and must be complete in itself, without reference to any prior complaint, the Court will offer leniency and incorporate Plaintiff's original attachments, ECF No. 1-1, into his amended complaint.

was fired after his first offense, whereas his "female colleagues[,] both African American and Caucasian," violated MCTS's policies multiple times without repercussion. *Id.* Plaintiff believes that he was terminated based on his race, age, gender/sex, and disabilities. *Id.* at 3–5.

4.  **ANALYSIS**

The screening standard in employment discrimination cases (and others) is lenient for pro se plaintiffs: "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). Here, Plaintiff has alleged that he is African American, that he is 59 years old, and that he suffers from various medical conditions. He alleges that he was fired upon his first offense while other MCTS employees were given repeated warnings upon their violations. Plaintiff has also provided a copy of his right-to-sue letter from the Equal Employment Opportunity Commission. ECF No. 5 at 7–11. Plaintiff's amended complaint survives screening.

5.  **CONCLUSION**

For the reasons stated herein, Plaintiff may proceed on his claims of discrimination against MCTS. Whether the facts bear out these claims, or whether Defendant has any procedural or substantive defenses for its actions, must be determined at a later date.

Finally, Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshals Service if a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65

per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Thus, the Court will allow Plaintiff to elect, within **fourteen (14) days**, whether he desires service by the U.S. Marshals Service or whether he will obtain service of his own accord. If Plaintiff wants to effect service himself, he should simultaneously file a request for the Clerk of the Court to issue a service packet to him.

Accordingly,

**IT IS ORDERED** that the attachments to Plaintiff's original complaint, ECF No. 1-1, be and the same are hereby incorporated into his amended complaint, ECF No. 5;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within **fourteen (14) days**, a notice indicating which method of service he desires.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 5 of 5
Case 2:21-cv-01351-JPS   Filed 03/15/22   Page 5 of 5   Document 7