IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**DEWAYNE CARRINGTON,**

    Plaintiff,

vs.

**MCTS,**

    Defendant.

Case No. 21-cv-1351-JPS

## JOINT UNDISPUTED STATEMENT OF FACTS

Dewayne Carrington ("Plaintiff" or "Carrington"), pro se, and Defendant Milwaukee County Transit System ("Defendant" or "MCTS"), by and through its undersigned counsel, hereby submit the following Undisputed Statement of Facts pursuant to Federal Rule of Civil Procedure 56, Civil Local Rule 56, and the Court's Order dated December 1, 2022. (Docket No. 13). Defendant submits the Undisputed Statement of Facts in support of its Motion for Summary Judgment. Any factual assertion in any affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless Plaintiff submits an affidavit, declaration, or other admissible documentary evidence contradicting the factual assertions, pursuant to Civil Local Rule 56(a)(1)(A).

On December 15, 2003, Carrington was hired at Milwaukee Transport Services, Inc. ("MTS").[1] On January 3, 2010, Carrington continued working for Milwaukee Transport Services, Inc. as a Milwaukee County Transit System ("MCTS") Bus Operator, based out of the Fond Du

---

[1] (App. P. 2, Pl. Depo. 10:11-21)

Lac Station.[2] The duties and responsibilities of the Bus Operator role are laid out in the job description.[3] Mr. David Butler, Jr., was Carrington's supervisor at the time of his termination from employment in April 2021.[4]

Milwaukee Transport Services, Inc.'s ("MTS") "Equal Employment Opportunity Policy Statement" prohibits discrimination on the basis of race, color, religion, sex, age, disability, national origin, marital status and other characteristics protected by local, state and federal law.[5] MTS' "Anti-Harassment/Non Discrimination Policy Statement" prohibits discrimination in the workplace and provides for an internal complaint process for individuals who believe they have been the victim of discrimination.[6] On May 6, 2014, Carrington filed a Wisconsin Equal Rights Division complaint, Case No. 26G-2014-00824 against MCTS for discrimination.[7] The case was dismissed.[8]

MCTS has "Rules and Regulations for Bus Operators" ("Red Book") that govern Bus Operator conduct. These rules have been in place since 1987.[9] Rule 2 of the Red Book states minor preventable accidents warrant dismissal after a fourth offense - repeated cases within a 12 month period fall off.[10] Rule 30 of the Red Book states failure to follow a prescribed route or schedule (except in emergencies) is a disciplinary offense – incidents within a 12 month period fall off.[11] Rule 35 of the Red Book states failure to call a dispatcher in accordance with instructions is a

---

[2] (App. P. 16, Pl. Depo. 94:5-7)
[3] (App. P. 29-31, Bus Operator Job Description)
[4] (App. P. 2, Pl. Depo. 12:9-14:7)
[5] (App. P. 35, Equal Employment Opportunity Policy Statement, DEF000011; App. P. 28, Pl. Depo. 172:21-173:13)
[6] (App. P. 36-37, Anti-Harassment/Non-Discrimination Policy Statement, DEF000012-000013; App. P. 28, Pl. Depo. 172:21-173:13).
[7] (App. P. 34, Charge of Discrimination DEF000086; App. P. 24, Pl. Depo. 131:5-13)
[8] (App. P. 27, Pl. Depo. Depo. 142:9-17)
[9] (App. P. 38-46, Rules and Regulations for Bus Operators ("Red Book") DEF000014-000022; App. P. 11 & 16, Pl. Depo. 55:7-9; 97:8-17)
[10] (App. P. 41, Rules and Regulations for Bus Operators ("Red Book") DEF000017; App. P. 11, Pl. Depo. 57:1-5)
[11] (App. P. 43, Rules and Regulations for Bus Operators ("Red Book") DEF000019; App. P. 11, Pl. Depo. 57:1-5).

2

disciplinary offense – incidents within a 18 month period fall off.[12] Rule 40 (under the Safety category) of the Red Book states careless or reckless operation of a bus warrants suspension or dismissal on the first offense– incidents within a 18 month period fall off.[13]

In January 2016, February 2016 and July 2016, and April 2019, MTS issued Special Bulletins relating to Bus Operator cell phone usage.[14] On June 16, 2017, MTS issued Special Bulletin No. 17-202 which prohibits the use of cell phones or other electronic devices while on duty and/or operating any MCTS vehicle. The June 16, 2017, Special Bulletin No. 17-202 requires cell phones to be turned off and stowed out of sight while on duty and/or operating any MCTS vehicle.[15]

Prior to March 26, 2021, Carrington received multiple disciplinary actions at varying degrees of progressive discipline (e.g., verbal warning, written warning, suspension).[16] On November 3, 2018, Carrington was suspended for three days for a miss under Rule #52F in violation of Rule #52B. Previous disciplines included October 2, 2017 Verbal Warning for Rule #52B Violation, October 25, 2017 Written Warning for Rule #52B Violation, October 23, 2018 Interview for Rule #52A Violation.[17]

On March 26, 2021, Carrington was involved in an incident while operating a MCTS bus on Route Blue/301, Bus #5215.[18] Carrington did not call MCTS Dispatch after the incidentt to obtain permission to go off route.[19] Carrington drove the bus around the block, off the designated

---

[12] (App. P. 44, Rules and Regulations for Bus Operators ("Red Book") DEF000020; App. P. 6, Pl. Depo. 28:16-29:4)
[13] (App. P. 44, Rules and Regulations for Bus Operators ("Red Book") DEF000020; App. P. 11, Pl. Depo. 55:25-56:8)
[14] (App. P. 47-50, 2016 and 2019 Special Bulletins, Plaintiff's Exhibits 20, 21, 22, 24)
[15] (App. P. 51, 2017 Special Bulletin, Plaintiff's Exhibit 23; App. P. 28, Pl. Depo. 173:21-24)
[16] (App. P. 3, Pl. Depo. 14:17-30:2)
[17] (App. P. 132, November 3, 2018 Record of Disciplinary Action DEF000038)
[18] (App. P. 32-33, Accident Report DEF000087-88; App. P. 8, Pl. Depo. 38:1-40:17)
[19] (App. P. 133, April 7, 2021 Record of Disciplinary Action – Rule 30 DEF000030; App. P. 9-10, Pl. Depo. 45:21-46:9)

3

bus route, and retrieved the bus's passenger side front mirror, which had detached.[20] Carrington drove the bus to his relief point.[21] Carrington asked the relief driver if he wanted to keep the bus or wanted a bus change. The relief driver requested a new bus.[22] Carrington did not notify MCTS Dispatch and instead, drove the bus, with the relief driver, to the Fond Du Lac garage. There, Carrington spoke to the garage manager. Carrington told the garage manager he thought he hit a bump while he was driving, and the mirror popped out. The garage manager directed a mechanic to get a new bus for the relief driver.[23] After the interaction with the garage manager and relief driver, Carrington left work for a couple of hours, as he was working a split shift that day.[24] On the second half of his split shift, MCTS Dispatch contacted Carrington. Carrington told MCTS Dispatch he hit a bump and the mirror fell off.[25] On April 1, 2021, Carrington wrote an Accident Report.[26]

As a result of the incident, Carrington was issued four (4) points as discipline for a preventable accident per Rules and Regulations for Bus Operators. The incident was considered a four (4) point preventable accident because contact was made with a fixed object, causing damage to the curb side mirror.[27] As a result of the incident, Carrington was issued a verbal warning as discipline for failure to contact dispatch according to instruction in violation of Rule #35.[28] As a result of the incident, Carrington was issued a verbal warning as discipline for failure to follow

---

[20] (App. P. 133 & 134, April 7, 2021 and March 30, 2021 Record of Disciplinary Action – Rule 30 and 4 PT Accident DEF000029-DEF000030; App. P. 7 & 10, Pl. Depo. 31:9-12; 46:10-18)
[21] (App. P. 32-33, Accident Report DEF000087-88; App. P. 9, Pl. Depo. 45:9-15)
[22] (App. P. 32-33, Accident Report DEF000087-88; App. P. 7, Pl. Depo. 31:11-21)
[23] (App. P. 135, April 1, 2021 Record of Disciplinary Action – Rule 35 DEF000027; App. P. 7, Pl. Depo. 31:3-21)
[24] (App. P. 8, Pl. Depo. 41:7-10)
[25] (App. P. 32-33, Accident Report DEF000087-88)
[26] (App. P. 32-33, Accident Report DEF000087-88; App. P. 8, Pl. Depo. 38:4-39:9).
[27] (App. P. 134, March 30, 2021 Record of Disciplinary Action – 4 PT Accident DEF000029; App. P. 6, Pl. Depo. 27:14-28:4)
[28] (App. P. 135, April 1, 2021 Record of Disciplinary Action – Rule 35 DEF000027; App. P. 6, Pl. Depo. 28:16-29:4)

4

prescribed route and schedule in violation of Rule #30.[29] As a result of the accident, Carrington was discharged for violation of Rule #40.[30]

Carrington is African American, male, and was fifty-nine (59) years old at the time of his termination. Carrington was a member of Amalgamated Transit Union Local 998 ("Union"). There is a General Labor Agreement between Milwaukee Transport Services Inc. and the Amalgamated Transit Union, Local 998.[31] Carrington grieved his termination and the Union requested that Carrington receive a suspension for his Rule 40 violation instead of a discharge.[32] Carrington waived the 1st step. A 2nd Step Grievance meeting took place on April 12, 2021.[33] During that meeting, with union representation present, Carrington admitted that he took his cell phone off his hip and tried to remotely start his car. Then, he set the phone down on the console to his left and when it began to slip off the bus console, he grabbed it. He stated, "I was inattentive while driving and I own it."[34] Carrington explained that he had his cell phone out and turned on because he was trying to remotely start his car. "On the Route 12 when I am pulling in you will see me start my car from 124" & Hampton. I will then have my phone out, but not while I was moving. The car then runs for 10 minutes. I do this in frigid weather at the last stop before pulling in. It takes 20 minutes to get there. While the bus is idle at Sherman & Fond du Lac, I will start the car again."[35] On April 19, 2021, Carrington's Grievance was denied.[36]

---

[29] (App. P. 133, April 7, 2021 Record of Disciplinary Action – Rule 30 DEF000030; App. P. 7, Pl. Depo. 30:17-31:2)
[30] (App. P. 136, April 7, 2021 Record of Disciplinary Action – Rule 40- Plaintiff's Exhibit 4; App. 7, Pl. Depo. 33:2-9)
[31] (App. P. 52-124, General Labor Agreement – Milwaukee Transport Services Inc. & Amalgamated Transit Union, Local 998)
[32] (App. P. 12, Pl. Depo. 58:3-5)
[33] (App. P. 140, Step 2 Grievance, DEF000080)
[34] (App. P. 140-142, Step 2 Grievance Meeting, DEF000080-82; Plaintiff's Exhibit 29; App. P. 13, Pl. Depo. 64:14-65:3).
[35] (App. P. 141-142, Step 2 Grievance Meeting, DEF000081-82 Plaintiff's Exhibit 29; App. P. 13, Pl. Depo. 64:14-65:3).
[36] (App. P. 140, Step 2 Grievance Meeting DEF000080; App. P. 14, Pl. Depo. 66:12-15)

5

A 3rd Step Grievance meeting took place on April 23, 2021.[37] During this meeting, Carrington stated he made a terrible judgment call having his cell phone out at all and that he was remote starting his car. He admitted that, prior to March 26, 2021, he had used his cell phone while operating the bus to remote start his car, but only while the bus was stationary, never in motion. He also stated he understood it only takes a nanosecond to cause a "catastrophe".[38] Carrington stated "I was in violation of the cell phone policy. I never denied that." He stated, "I am not trying to minimize this, I made contact with a fixed object." He stated, "I can accept the failure to call dispatch… ."[39] On April 28, 2021, Carrington's Grievance was denied.[40]

After the grievance process, at Carrington's request, MTC and Carrington discussed an early retirement scenario, with full benefits, in lieu of discharge. Mr. Carrington did not agree to the terms offered and the matter proceeded to arbitration.[41] On October 18, 2021, Carrington's union grievance was arbitrated. On February 3, 2022, the arbitrator denied Carrington's grievance.[42]

The termination decision was made by David Butler, Jr. and Kevin Pumphrey and was upheld in the grievance process by MTS Employee Relations Manager Michael ("Mick") Jarvis and Chief Diversity and Inclusion Officer, Nate Holton.[43]

---

[37] (App. P. 145-154, Step 3 Grievance Meeting DEF000073-000079 Plaintiff's Exhibit 29)
[38] (App. P. 148, 151-152 & 145), Step 3 Grievance Meeting DEF000073; DEF000076-77 Plaintiff's Exhibit 29; App. P. 13-14, Pl. Depo. 65:11-66:11).
[39] (App. P. 151 & 145, Step 3 Grievance Meeting, DEF000076 Plaintiff's Exhibit 29; App. P. 13-14, Pl. Depo. 65:11-66:11).
[40] (App. P. 148-149, Step 3 Grievance Meeting DEF000073-74; App. P. 14, Pl. Depo. 66:12-15).
[41] (App. P. 155-156, Employment Release and Grievance Arbitration Settlement (unexecuted) – Plaintiff's Exhibit 27; App. P. 19, Pl. Depo. 111:4-13)
[42] (App. P. 157-162, Arbitrator Opinion and Award (2.3.22); App. P. 163-231, Arbitration Transcript – Plaintiff's Exhibit 33; App. P. 15, Pl. Depo. 80:4-11)
[43] (App. P. 239-240, Affidavit of Michael Jarvis)

During his employment, Carrington did not disclose a disability or request a workplace accommodation from Butler, Pumphrey, Jarvis or Holton.[44]

Dated at Milwaukee, Wisconsin, this 10th day of April, 2023.

/sDewayne Carrington
Dewayne Carrington
7379 N. 38th St.
Milwaukee, WI 53209
Phone: (414) 331-0268
Email: dxfactor62@gmail.com
***PLAINTIFF, PRO SE***

/s Warren E. Buliox
/s Julie T. Bittner
Warren E. Buliox, Esq., State Bar No. 1056215
Julie T. Bittner, Esq., State Bar No. 1128144
MWH LAW GROUP LLP
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353
Fax: (414) 436-0354
Email: warren.buliox@mwhlawgroup.com
Email: julie.bittner@mwhlawgroup.com
***ATTORNEYS FOR DEFENDANT***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2023, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system. I further certify that a copy of the foregoing document(s) was mailed via U.S. Mail and sent via e-mail to the person(s) listed below:

**Plaintiff, Dewayne Carrington, pro se**
Dewayne Carrington
7379 N. 38th St.
Milwaukee, WI 53209
Phone: 414-331-0268
Dxfactor62@gmail.com

/s/ Paiton Robertson

---

[44] (App. P. 21 & 26, Pl. Depo. 121:15-21; 139:24-140:12; 141:5-10)

7