# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEWAYNE T. CARRINGTON,<br><br>                Plaintiff,<br><br>v.<br><br>MCTS,<br><br>                Defendant. | Case No. 21-CV-1351-JPS<br>7th Cir. Case No. 23-2683<br><br>**ORDER** |

On July 26, 2023, the Court granted Defendant MCTS's ("Defendant") renewed motion for summary judgment, ECF No. 29-1, denied Plaintiff Dewayne T. Carrington's ("Plaintiff") motions for miscellaneous relief, ECF Nos. 31, 35, 36, and 44, and dismissed the case with prejudice. ECF No. 52.[1]

On August 24, 2023, Plaintiff filed a notice of appeal of the Court's order granting summary judgment for Defendant and dismissing the case with prejudice. ECF No. 58. That same day, Plaintiff filed the instant motion for leave to appeal in forma pauperis. ECF No. 60.

Federal Rule of Appellate Procedure 24(a) provides that a party "who desires to appeal in forma pauperis must file a motion in the district court" with an affidavit demonstrating (1) "the party's inability to pay or to

---

[1] Following the entry of the Court's order dismissing the case, but on the same day, Plaintiff filed an additional "object[ion] to the Defendants [sic] preposterous Motion objecting to the Plaintiffs [sic] request which ask [sic] the court to intervene and assist in obtaining necessary known discovery." ECF No. 54. Because this motion is both redundant of Plaintiff's previous motions for miscellaneous relief and is mooted by the Court's dismissal of the case, the Court will deny this motion.

give security for fees and costs," (2) "an entitlement to redress," and (3) "the issues that the party intends to present on appeal."

The Seventh Circuit also instructs that a motion to appeal in forma pauperis may not be granted where the appeal is "not taken in good faith," meaning that it is based on "a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (quoting 28 U.S.C. § 1915(a)(3)). "A district court should not apply an inappropriately high standard when making a good faith determination." *Riley v. Waterman*, No. 20-cv-1252-pp, 2023 U.S. Dist. LEXIS 72515, at *4 (E.D. Wis. Apr. 26, 2023) (citing *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998)). "An appeal taken in 'good faith' is one that seeks review of any issue that is not frivolous, meaning that it involves 'legal points arguable on their merits.'" *Id.* (quoting *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) and citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

The Court must deny Plaintiff's motion for leave to proceed on appeal in forma pauperis. First, he has not demonstrated indigence. On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding in forma pauperis "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Although he attests to incurring $3,046 in monthly expenses, Plaintiff represents that he gains $3,200 in income month; has $1,750 in his checking account; owns two vehicles, one of which is worth $40,000; and owns his own home. ECF No. 60 at 2–5. Plaintiff does not fall within that group of "truly impoverished

Page 2 of 4
Case 2:21-cv-01351-JPS   Filed 09/01/23   Page 2 of 4   Document 65

litigants" to whom in forma pauperis status should be afforded. *Brewster*, 461 F.2d at 651.

Second, in Plaintiff's affidavit accompanying his motion for permission to appeal in forma pauperis, Plaintiff left blank the section inquiring as to his "issues on appeal." ECF No. 60 at 1. He has not, therefore, complied with that portion of Federal Rule of Appellate Procedure 24(a) which requires him to demonstrate "the issues that the party intends to present on appeal." The Court cannot, therefore, certify that Plaintiff's appeal is undertaken in good faith.

Because the Court cannot certify that the appeal is taken in good faith, the Court provides the following information to Plaintiff regarding proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without paying the filing fee, unless the Seventh Circuit grants him permission to do so. Plaintiff has 30 days from the date of this Order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this Order, in addition to the notice of appeal he previously filed. If Plaintiff does not request review of this Order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff Dewayne T. Carrington's motion for leave to appeal in forma pauperis, ECF No. 60, be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that Plaintiff Dewayne T. Carrington's amended objection and motion, ECF No. 54, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of September, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge